◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT MCLEAN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Glass, J.), rendered March 14, 1984, convicting him of robbery in the first degree, robbery in the second degree, criminal possession of a weapon in the second degree and criminal possession of stolen property in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On appeal, the defendant contends, *inter alia,* that he was deprived of a fair trial because the prosecutor, in his opening statement, remarked to the jury that "we intend to prove to you that the defendant committed a number of crimes". The defendant characterizes this statement as highly prejudicial. We disagree. The record reflects that the defendant was charged under an eight-count indictment and that the prosecutor, in his opening statement, was merely referring to the numerous counts listed in the indictment. Hence, the defendant was, in no way, unduly prejudiced by the prosecutor's comment.

The defendant further maintains that the trial court's instruction regarding circumstantial evidence was improper and confusing, thereby warranting a reversal of his conviction. Again, we find no merit to this argument. Initially, we note that the defendant failed to register any objection to the court's charge at trial and that the issue, therefore, has not been properly preserved for appellate review. In any event, the charge, as given, was entirely proper and adequately conveyed to the jury the appropriate standards by which to assess the evidence adduced at trial. Moreover, since the People's case was predicated on both direct and circumstantial

evidence, the defendant was not entitled to the conventional "moral certainty" charge (see, People v Barnes, 50 NY2d 375; People v Dukes, 97 AD2d 445).

We see no reason to disturb the sentence imposed. The defendant's remaining contentions have been examined and have been found to be without merit. Thompson, J. P., Weinstein, Lawrence and Eiber, JJ., concur.