■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOANNE BUSSEY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Beldock, J.), rendered October 2, 1981, convicting her of manslaughter in the first degree and attempted murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's present contention, the photographic evidence depicting the deceased victim was probative on the issues of identity and intent and was both illustrative and corroborative of the testimony adduced from prosecution witnesses (see, e.g., People v Scott, 126 AD2d 582; People v Sims, 110 AD2d 214, lv denied 67 NY2d 657; People v Winchell, 98 AD2d 838, affd 64 NY2d 826; People v Millson, 93 AD2d 899). Since the photographs were not offered solely to inflame the jury's passions (see, People v Pobliner, 32 NY2d 356, rearg denied 33 NY2d 657, cert denied 416 US 905; People v Medina, 120 AD2d 749, lv denied 68 NY2d 915), we discern no error in their admission by the trial court.

Additionally, we reject the defendant's contention that the People failed to prove her guilty of attempted murder in the second degree beyond a reasonable doubt. Upon the exercise of our factual review power, we conclude that the defendant's acts of arming herself, forcibly entering the apartment with

her companions, and participating substantially in the stabbing of both victims provide an ample basis upon which to sustain the jury's verdict *(see, e.g., People v Hayes,* 117 AD2d 621, *lv denied* 68 NY2d 668; *People v Williams,* 114 AD2d 385, *lv denied* 67 NY2d 952; *People v Bell,* 94 AD2d 894, *affd* 63 NY2d 796).

Similarly unavailing is the defendant's claim that the trial court's charge concerning circumstantial evidence was erroneous because it lacked a "moral certainty" instruction. Initially, since the defendant did not request such an instruction or except to the charge as given, she has failed to preserve the issue for appellate review as a matter of law *(see, People v Contes,* 60 NY2d 620; *People v McLean,* 123 AD2d 888, *lv denied* 69 NY2d 748). In any event, the defendant was not entitled to an instruction to this effect, as the prosecution's case consisted of direct as well as circumstantial evidence *(see, People v Johnson,* 65 NY2d 556, *rearg denied* 66 NY2d 759; *People v Ruiz,* 52 NY2d 929; *People v Barnes,* 50 NY2d 375).

We have considered the defendant's remaining contentions and find them to be without merit. Brown, J. P., Weinstein, Rubin and Kooper, JJ., concur.