THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN MORRIS, Appellant.

Approximately 4½ hours after being advised of and having waiving his *Miranda* rights for the second time, the defendant gave a written statement in which he confessed to the shooting in question. During that time, the defendant was in continuous police custody, and a review of the record reveals no evidence of coercion by the authorities or that the state-

ment was not voluntarily made. Accordingly, that branch of his omnibus motion which was to suppress the inculpatory statement was properly denied (see, *People v Martinez,* 115 AD2d 664; *People v Glinsman,* 107 AD2d 710, *lv denied* 64 NY2d 889, *cert denied* 472 US 1021).

Viewing the evidence in the light most favorable to the prosecution (see, *People v Contes,* 60 NY2d 620), we find it was legally sufficient to establish the defendant's guilt and to disprove the justification defense. Further, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant claims that the trial court's charge concerning circumstantial evidence was erroneous because it lacked a "moral certainty" instruction. Initially, since the defendant did not request such an instruction or object to the charge as given, he has failed to preserve the issue for appellate review as a matter of law (see, *People v Contes, supra; People v McLean,* 123 AD2d 888, *lv denied* 69 NY2d 748). In any event, the defendant was not entitled to such an instruction as the prosecution's case consisted of direct as well as circumstantial evidence (see, *People v Johnson,* 65 NY2d 556, *rearg denied* 66 NY2d 759; *People v Barnes,* 50 NY2d 375, *on remand* 77 AD2d 922; *People v Bussey,* 131 AD2d 494).

Similarly unavailing is the defendant's claim that the trial court erred in failing to give a missing witness charge regarding the prosecution's failure to call an alleged eyewitness to testify. Again, we find that the issue has not been properly preserved for our review (CPL 470.05 [2]; *People v Colon,* 132 AD2d 563). In any event, it is well settled that the mere failure of a party to produce a witness at trial, standing alone, is insufficient to justify a missing witness charge. Rather, "it must be shown that the uncalled witness is knowledgeable about a material issue upon which evidence is already in the case; that the witness would naturally be expected to provide noncumulative testimony favorable to the party who has not called him, and that the witness is available to such party" (*People v Gonzalez,* 68 NY2d 424, 427). In the instant case, it is clear from the record that several unsuccessful attempts were made by the People to produce the witness in question, and the trial court thus properly concluded that the witness was simply unavailable.

We have reviewed the defendant's remaining contentions, including those raised in his *pro se* supplemental brief, and

find them to be either unpreserved for appellate review, without merit, or dehors the record. Mollen, P. J., Mangano, Brown and Kunzeman, JJ., concur.