■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL BRIGHT, Appellant.—Judgment, Supreme Court, New York County (Leon Becker, J.), rendered on July 1, 1988, convicting defendant of third degree burglary and sentencing him to a prison term of 3 to 6 years, unanimously affirmed.

Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find, contrary to defendant's contentions, that it was sufficient to establish defendant's guilt beyond a reasonable doubt. The felony of third degree burglary occurs when a person "knowingly enters or remains unlawfully in a building with intent to commit a crime therein." (Penal Law § 140.20; *People v Gaines,* 74 NY2d 358.) The element of the crime of burglary which requires that a person "enter * * * a building" is met when the person or any part of his body intrudes within the building. Also, the recessed entry area of a store abutting the sidewalk which is enclosed by display windows, a door, a roof and a security gate at the sidewalk line has been deemed part of a "building" under Penal Law § 140.00 (2) *(People v King,* 61 NY2d 550).

In the case at bar, there was sufficient evidence, both direct and circumstantial, to permit the jury to find that during the early morning hours of October 20, 1987, defendant knowingly and unlawfully entered a garment district shoe store's street-level vestibule area, which was protected by a security gate, with criminal intent. At the time of his arrest, defendant was found inside the vestibule area near a smashed display window with a tire iron and a display boot near his feet, moments after several police officers on motor patrol went to investigate the sound of glass and metal cracking down on the ground.

We have considered defendant's other contentions and find them to be without merit. *(See, People v Barnes,* 50 NY2d 375, 379-380; *People v Bussey,* 131 AD2d 494.) Concur—Murphy, P. J., Carro, Milonas, Asch and Wallach, JJ.