■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD BURNS, Appellant.—Judgment unanimously affirmed. Memorandum: Viewed in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620, 621), the proof was sufficient to establish defendant's entry into the victim's apartment. Under Penal Law § 140.00 (5), the element of entry is established "when a person intrudes within a building, no matter how slightly, with any part of his or her body" *(People v King,* 61 NY2d 550, 555; *see also, People v Fraticelli,* 172 AD2d 622, 623, *lv denied* 77 NY2d 995; *People v Bright,* 162 AD2d 212, *lv denied* 76 NY2d 938).

We reject defendant's contention that the photo array shown to the victim was impermissibly suggestive. The photographs portray men with similar physical features. The fact that defendant's photograph has a slightly lighter background than the others does not support the conclusion that the identification procedure was unduly suggestive (see, People v Floyd, 173 AD2d 211, 212, lv denied 78 NY2d 966; People v Emmons, 123 AD2d 475, 476, lv denied 69 NY2d 827). (Appeal from Judgment of Erie County Court, Rogowski, J.—Criminal Trespass, 2nd Degree.) Present—Callahan, J. P., Green, Pine, Boehm and Doerr, JJ.