THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS JOHNSON, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered December 15, 1977, convicting him of robbery in the first degree, robbery in the second degree and two counts of grand larceny in the third degree, upon a plea of guilty, and imposing sentence. Judgment reversed, on the law, plea vacated and case remitted to Criminal Term for further proceedings consistent herewith. Arrested on the afternoon of June 9, 1977 for a robbery which had occurred that morning, defendent was taken to the police precinct and readvised of his constitutional rights.* The time was approximately 4:30 or 4:45 P.M. After defendant indicated that he understood, the arresting officer, Dennis Hynes, asked if he would answer any questions at that time without an attorney present. Defendant shook his head indicating no. Nevertheless after an interval of several minutes, the officer commenced interrogation and after an initial exculpatory story, defendant admitted participation in the crime. The entire interrogation lasted 20 minutes and at its close, Hynes asked defendant if he would provide a formal statement for the District Attorney. Agreeing, defendant was asked by Hynes what he intended to state, whereupon defendant reverted to his exculpatory statement. Hynes then remarked: "That is conflicting with what you just told me and I won't bring a District Attorney all the way up if this is not the story. What is the true story? Which one is the truth, the one you told me now or the one you told me before?" Defendant agreed to tell the "truth", at which point Hynes contacted the District Attorney's office. At approxi-

---

* The defendant was first advised of his rights immediately after his arrest.

mately 9:25 P.M. the Assistant District Attorney readvised defendant of his constitutional rights; defendant indicated he understood each of his rights and stated that he knew he did not have to say anything. Defendant then waived his rights and proceeded to make a second inculpatory statement. Hynes remained present throughout the second interrogation. At the close of the hearing, Criminal Term properly suppressed the initial statement as taken in disregard of defendant's refusal to waive his rights but held the later statement to be admissible. Defendant contends on appeal that the second interrogation was in effect a continuation of the first and that the initial failure to honor defendant's assertion of his constitutional rights taints the second confession as well. We agree. Later warnings will not cure the initially improper interrogation "unless there is such a definite, pronounced break in the interrogation that the defendant may be said to have returned, in effect, to the status of one who is not under the influence of questioning" *(People v Chapple,* 38 NY2d 112, 115). In *People v Newson* (68 AD2d 377, 392), this court concluded that a two-hour hiatus between statements was inadequate to dispel the taint of the improper initial interrogation, particularly as the offending officer at the first interrogation was present at and assisted with the second questioning, Although the interval between interrogations was greater in the case at bar, the continued presence of Officer Hynes, especially after he had insisted that he expected defendant to tell the "truth", compels the conclusion that the second interrogation was no more than a continuation of the first. Consequently, the second confession must be suppressed (see *People v Newson, supra)*. Defendant further contests the propriety of the trial court's conclusion that the lineup from which he had been identified had not been impermissibly suggestive. Exhibiting defendant as the only subject clad in a plaid jacket, where a plaid jacket had figured prominently in the witness' description of the perpetrator, was without question unnecessarily suggestive (see *People v Lebron,* 46 AD2d 776). Nevertheless, it is apparent from the record that the observations of the witness, who had initially viewed the perpetrator in a check-cashing facility and later fought with him for approximately six minutes, provided an independent basis for the in-court identification. Accordingly, testimony of the pretrial identification must be suppressed; however, the witness will not be precluded from identifying the perpetrator at any trial that may be held. Damiani, J. P., Titone, Lazer and Gulotta, JJ., concur.

