■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY MYERS, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Lagana, J.), rendered June 4, 1981, convicting him of robbery in the first degree, upon a jury verdict, and sentencing him to an indeterminate term of 3 to 9 years' imprisonment. Judgment modified, as a matter of discretion in the interest of justice, by reducing the sentence imposed to an indeterminate term of 2 to 6 years' imprisonment. As so modified, judgment affirmed. The sentence was excessive to the extent indicated. Mangano, J. P., O'Connor, Weinstein and Brown, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN SAPP, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Agresta, J.), rendered July 28, 1981, convicting him of robbery in the first degree, criminal use of a firearm in the first degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. This appeal brings up for review the denial, after a hearing, of that branch of defendant's pretrial motion which sought suppression of certain identification testimony. Judgment reversed, on the law and as a matter of discretion in the interest of justice, that branch of defendant's pretrial motion which sought suppression of certain identification testimony granted insofar as Diane Seymour's testimony as to her pretrial identification is suppressed, and new trial ordered as to counts one and three of the indictment, charging defendant with robbery in the first degree and criminal use of a firearm in the first degree, respectively, without prejudice to the People to re-present any appropriate charges to another Grand Jury. Appellant's conviction for criminal possession of a weapon in the third degree was concededly jurisdictionally invalid (see *People v Sutton,* 98 AD2d 785). At trial, the complainant, Diane Seymour, was allowed to testify as to her prior identification of appellant at a precinct stationhouse. The People concede that this identification was conducted by the police under unduly suggestive conditions and should have been suppressed. At the *Wade* hearing, Seymour testified that about one hour after the robbery, a police officer brought her to a room and told her she would view three suspects through a one-way mirror. Present in the other room were appellant, his two codefendants, and three police officers. Appellant was the only one wearing a "lamb jacket" which had figured prominently in Seymour's description of the robber. Exhibiting appellant in this manner was, as the District Attorney concedes with commendable candor, unnecessarily suggestive (see *People v Johnson,* 79 AD2d 617, 618). Therefore, Seymour's testimony concerning this identification should have been suppressed (see *People v Adams,* 53 NY2d 241). In this one-eyewitness case we cannot say that the admission of this testimony, which was an error of a constitutional nature, was harmless beyond a reasonable doubt (see *People v*

*Crimmins,* 38 NY2d 407, 411-412). We find, however, that Seymour had a substantial independent basis for identifying appellant at trial (see *United States v Wade,* 388 US 218, 240). Seymour observed appellant during the robbery for five or six minutes under excellent lighting conditions. The tainted identification took place, at the most, only one hour after the robbery. Hence, there is little likelihood that her trial identification was based on the tainted identification. We further note that the trial court failed to give any charge to the jury directing it to consider in its deliberations the witness' means and opportunity for observation. Identification was the main issue in this case. While no request for a detailed identification charge was made, the better course would have been to give the jury such a charge (see *People v Whalen,* 59 NY2d 273; *People v Daniels,* 88 AD2d 392). Since this case is being restored to pretrial status, the People may, if so advised, re-present any appropriate charges, including the charge of criminal possession of a weapon in the third degree, to another Grand Jury (see CPL 40.40, subd 2). Mangano, J. P., O'Connor, Weinstein and Brown, JJ., concur.