■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY SUTTON, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Agresta, J.), rendered July 27, 1981, convicting him of criminal possession of a weapon in the third degree (two counts), upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and indictment dismissed. The case is remitted to the Supreme Court, Queens County, for the purpose of entering an order in its discretion pursuant to CPL 160.50. Appellant's conviction, as well as those of his codefendants, arose out of two robberies of Dunkin Donuts stores in Queens. The indictment charged appellant and his codefendants with robbery in the first degree (two counts), robbery in the second degree (two counts), and criminal use of a firearm in the first degree. At trial, the court, *sua sponte,* charged the jury as to criminal possession of a weapon in the third degree as defined in subdivision (4) of section 265.02 of the Penal Law. One of the elements of that crime is that the firearm be "loaded" within the meaning of subdivision 15 of section 265.00 of the Penal Law. That element of criminal possession of a weapon in the third degree was not an element of any of the crimes charged in the indictment and, accordingly, that crime should not have been charged to the jury (*People v Green,* 56 NY2d 427, 431). With commendable candor, the People concede that the error in the submission of this crime for the jury's consideration goes to subject matter jurisdiction and is not waiveable (*People ex rel. Gray v Tekben,* 86 AD2d 176, 180, affd 57 NY2d 651). Since it appears that appellant has already served his sentence, we do not grant leave to the People to resubmit any appropriate charges to another Grand Jury (see *People v Burwell,* 53 NY2d 849). Mangano, J. P., O'Connor, Weinstein and Brown, JJ., concur.