■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY MOORE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldstein, J.), rendered September 25, 1986, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the matter is remitted to the Supreme Court, Kings County, to hear and report as to whether an improper lineup affected the reliability of the in-court identification or whether the latter was supported by an independent source, and the appeal is held in abeyance in the interim; the Supreme Court is to file its report with all convenient speed.

The hearing court erred in denying that part of the defendant's omnibus motion which was to suppress the testimony of GiGi Enriquez regarding her pretrial identification of the defendant at a lineup. The defendant was the only one in the lineup with braids in his hair and that latter feature had figured prominently in Enriquez's description of the robber. Since the police could have covered the hair of all of the lineup's participants with relative ease, we find that the police acted unreasonably and that the lineup was unduly suggestive *(see, People v Sapp,* 98 AD2d 784; *People v Johnson,* 79 AD2d 617). Accordingly, testimony as to the pretrial identification of the defendant by Enriquez should have been suppressed *(see, People v Adams,* 53 NY2d 241). However, in view of the Supreme Court's erroneous determination with respect to the issue of suggestiveness, the People are entitled to a reopened *Wade* hearing where they will be afforded the opportunity to demonstrate that Enriquez's in-court identification of the defendant was based on an independent source *(see, People v Dodt,* 61 NY2d 408).

We pass on no other issue. Mangano, J. P., Thompson, Brown and Sullivan, JJ., concur.