preme Court, Queens County (Calabretta, J.), rendered January 29, 1987, convicting him of sexual abuse in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no meritorious issues which could be raised on appeal. Counsel is granted leave to withdraw as counsel (see, Anders v California, 386 US 738; People v Paige, 54 AD2d 631; cf., People v Gonzalez, 47 NY2d 606). Thompson, J. P., Lawrence, Rubin, Harwood and Balletta, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MANUEL A. RODRIGUEZ, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Belfi, J.), rendered June 12, 1987, convicting him of sodomy in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no meritorious issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (see, Anders v California, 386 US 738; People v Paige, 54 AD2d 631; cf., People v Gonzalez, 47 NY2d 606). Mangano, J. P., Bracken, Eiber, Spatt and Sullivan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN ROGERS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Leahy, J.), rendered February 6, 1985, convicting him of manslaughter in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's challenge to the factual sufficiency of the plea allocution has not been preserved for appellate review since he never moved to withdraw his plea before the court of first instance (see, People v Pellegrino, 60 NY2d 636).

We further find that the sentence imposed was neither harsh nor excessive. Mangano, J. P., Bracken, Eiber, Spatt and Sullivan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT RYAN, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Vaughn, J.), rendered November 10, 1986, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. The

appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the case is remitted to the County Court, Suffolk County, for further proceedings in accordance herewith and the appeal is held in abeyance in the interim. The County Court is to file its report with all convenient speed.

The hearing court erred in concluding that the pretrial identification procedure employed, a photographic array, was not suggestive. The defendant was the only subject pictured in front of a height chart, thereby improperly drawing attention to his photograph, highlighting his height and suggesting his prior involvement with law enforcement officials (see, People v Grate, 130 AD2d 590). The court also erred in finding that the complainants' in-court identifications had an independent basis, as the complainants did not testify at the suppression hearing (see, People v Riley, 70 NY2d 523, 531). Since the hearing court's erroneous determinations effectively precluded the People from proffering evidence as to independent source, the matter is remitted to provide them with an opportunity to do so (see, People v Crandall, 69 NY2d 459; People v Dodt, 61 NY2d 408, 417-418). Pending a hearing and determination on that issue, the appeal is held in abeyance.

We pass upon no other issue at this time. Brown, J. P., Lawrence, Kooper and Spatt, JJ., concur.