OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
*678 The testimony at the Wade hearing (United States v Wade, 388 US 218) indicates that both complainants observed defendant’s face during the course of a gun-point robbery which lasted 2 to 2 Vi minutes. Supreme Court’s finding, undisturbed by the Appellate Division, that the in-court identifications by both complainants were based upon an independent source is supported by the record and thus is beyond our review (People v Whitaker, 64 NY2d 347, 351, cert denied sub nom. Whitaker v New York, 474 US 830; People v McPherson, 56 NY2d 696, 697).
For reasons not relevant to this appeal, only one of the complaining witnesses was permitted to testify to a pretrial corporeal lineup identification. Supreme Court concluded that the lineup procedure was "permissible”. Although this finding was not disturbed by the Appellate Division, it is not supported by the record. Defendant was conspicuously displayed in that lineup. He was the only person wearing the distinctive clothing — a tan vest and a blue snorkel jacket — which fit the description of the clothing allegedly worn by the perpetrator of the crime. In these circumstances, the lineup was unduly suggestive and the witness’ pretrial lineup identification should not have been admitted (People v Adams, 53 NY2d 241, 248; see also, People v Sapp, 98 AD2d 784; People v Johnson, 79 AD2d 617; cf., People v Lloyd, 108 AD2d 873). Notwithstanding the suggestiveness of the lineup, however, the error in receiving the tainted lineup identification must be deemed harmless beyond a reasonable doubt when considered in light of the overwhelming evidence of defendant’s guilt, which included the properly admitted in-court identifications by the two eyewitnesses (People v Crimmins, 36 NY2d 230, 237).
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Order affirmed in a memorandum.