■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY MOORE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldstein, J.), rendered September 25, 1986, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony. By decision and order dated October 31, 1988, this court remitted the case to the Supreme Court, Kings County, to hear and report on whether an improper lineup affected the reliability of the in-court identification or whether the latter was supported by an independent source, and directed that the appeal be held in abeyance in the interim *(see, People v Moore,* 143 AD2d 1056).* The Supreme Court has now complied.

Ordered that the judgment is affirmed.

We agree with the hearing court which, upon remittal, found that GiGi Henriquez's identification of the defendant had a source independent of the suggestive lineup *(see, People v Ballott,* 20 NY2d 600).* The evidence at the hearing demonstrated that Henriquez viewed the defendant's face continuously from a distance of approximately three feet for a period of two to three minutes. The area in which the robbery took place was well lit and her description of the defendant given to the police shortly after the robbery was detailed *(see, People v Rodriquez,* 137 AD2d 847; *People v Gantt,* 136 AD2d 651).

We note that in light of this court's previous determination that the lineup viewed by Henriquez was suggestive *(see, People v Moore,* 143 AD2d 1056, *supra),* it was error for the court to allow Henriquez to testify to identifying the defendant from the lineup. However, we find that in light of the overwhelming evidence of the defendant's guilt, the error was harmless and does not warrant granting a new trial *(see, People v Crimmins,* 36 NY2d 230).

We have considered the defendant's remaining contentions and find them to be either academic in light of this court's prior order *(see, People v Moore, supra)*, or without merit. Mangano, J. P., Thompson, Brown and Sullivan, JJ., concur.