■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MELVIN GREEN, Appellant.—Judgment of the Supreme Court, New York County (Murray Mogel, J., at suppression hearing, jury trial and sentence), rendered February 4, 1988, convicting defendant of robbery in the second degree and sentencing him to an indeterminate term of imprisonment of from 3 to 6 years, unanimously affirmed.

We do not find that the lineup was unnecessarily suggestive because defendant was the only participant wearing a bandage on his head. All of the participants in the lineup wore hats and defendant's hat served to partially mask the bandage. The bandage did not single the defendant out. Nor did the bandage "figure prominently" in the description that the complainant had given the police (cf., People v Moore, 143 AD2d 1056; People v Sapp, 98 AD2d 784). Moreover, the complainant testified at the hearing that he identified defendant because he saw his face at the lineup. The complainant's identification of defendant was not marked by uncertainty or by suggestion from the detective who invited the complainant to the precinct.

Defendant's further complaint, that he was singled out because of his height, has no merit. Three of the five fillers at the lineup were about defendant's height, and all of the participants in the lineup were seated when presented to the complainant. Defendant's guilt was supported by the weight of the evidence (People v Bleakley, 69 NY2d 490).

We further find that the prosecutor's opening remarks and summation did not deprive defendant of a fair trial. The prosecutor's unobjected-to description of the crime as "brutal" was not inflammatory. The evidence at trial showed that the complainant had been choked into unconsciousness. The prosecutor's unobjected-to comments on credibility were responsive to defense counsel's summation.

The prosecutor did improperly comment on the absence of cross-examination of one witness and departed from the evidence when he argued that the complainant was unconscious for more than 10 or 20 seconds, but no prejudice inured to defendant. Objections to both comments were sustained. Defendant's remaining objections to the prosecutor's summation and his unsupported complaint that the jury considered his criminal record have not been preserved for review (CPL 470.05 [2]). Were we to consider them, however, in the inter-

ests of justice, we would nonetheless affirm, finding them to be without merit. Concur—Carro, J. P., Kassal, Ellerin, Wallach and Rubin, JJ.