■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANNIE W. McQUEEN, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County

(Dachenhausen, J.), rendered July 30, 1985, convicting him of robbery in the first degree (11 counts), attempted sodomy in the first degree (3 counts), sodomy in the first degree (6 counts), rape in the first degree (5 counts), sexual abuse in the first degree (3 counts), criminal use of a firearm in the first degree (3 counts), menacing (3 counts) and attempted robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification evidence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the jury finding that he was the perpetrator of each of the six underlying sexual attacks, which involved a total of 12 teenage girls, was not against the weight of the evidence. Indeed, the evidence of guilt was overwhelming. While several of the victims were unable to select the defendant from lineups, at least one of the two victims involved in each incident positively identified the defendant as the perpetrator of the crimes in open court. These identifications were supported by the extended period of time involved in each incident, the face-to-face viewing of the defendant during the crimes by most of the victims, the positive identifications made by some of the victims during lineups and the evidence of clothing recovered from the defendant which matched clothing described by several of the victims. Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 91). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisified that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

We agree with the defendant that the taint caused by a police officer who pointed out the defendant's picture to a victim who was previously unable to identify the defendant was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification (see, Simmons v United States, 390 US 377, 384; People v Jones, 125 AD2d 333). Since the People failed to establish by clear and convincing evidence that the victim had an independent basis upon which to make an in-court identification, she should have been precluded from doing so (see, People v Malloy, 55

NY2d 296, 300, *cert denied* 459 US 847; *People v Adams,* 53 NY2d 241). However, in light of the overwhelming evidence of the defendant's guilt, which included the properly-admitted in-court identification made by the other victim of that incident, the error was harmless beyond a reasonable doubt *(see, People v Owens,* 74 NY2d 677; *People v Crimmins,* 36 NY2d 230).

In each and every incident, the perpetrator approached the victims and asked either for the time or whether they wanted to purchase "reefer". All of the attacks took place in the evening and involved teenage, female victims. In each of the sexual attacks, the defendant robbed the victims of either jewelry or money first and then had the victims methodically remove their clothing. In most of the incidents, he sexually abused the victims after forcing them to kneel or lay on top of the piled clothing. Often, upon escaping from the scene, he would take the clothing and leave it in another place. Under all of these circumstances we find that there was no improvident exercise of discretion in the court's conclusion that the probative value of evidence of the defendant's *modus operandi* on the issue of identity outweighed the potential for prejudice, and that the charges should be tried jointly *(see,* CPL 200.20 [2] [b]; [4]). We further note that the potential for prejudice was minimized by the court's instruction to the jury that it should consider each charge individually and not conclude that if the defendant committed one crime he must have committed them all *(see, People v Clark,* 129 AD2d 724).

We have reviewed the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find them to be without merit *(see, Manson v Brathwaite,* 432 US 98; *United States v Wade,* 388 US 218, 241; *People v Barnes,* 50 NY2d 375; *People v Sanchez,* 61 NY2d 1022; *People v Hawkins,* 55 NY2d 474, *cert denied* 459 US 846; *People v Suitte,* 90 AD2d 80). Mangano, P. J., Kunzeman, Eiber and Balletta, JJ., concur.