■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY FLOYD, Appellant.—Judgment, Supreme Court, New York County (Paul Bookson, J., at hearing, jury trial, and sentence), rendered May 9, 1989, convicting defendant of assault in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, and sentencing him as a second felony offender to concurrent indeterminate prison terms of from 5 to 10 years, 3 to 6 years, and 3 to 6 years, respectively, unanimously affirmed.

After the complainant and an individual named "Mike" had an argument, Mike returned with three other persons, including defendant. Mike told defendant to shoot the complainant in leg. Although defendant pulled the trigger, the gun did not fire. The complainant, who was shot in the hand as he ran from the scene, testified that all three individuals, including defendant, were shooting at him.

The court did not err in instructing the jury regarding defendant's accomplice liability, since the evidence supported the conclusion that defendant and the two other individuals shooting at the complainant shared a common purpose to injure the complainant.

We reject defendant's argument that the photographic array shown to the complainant was unduly suggestive because the background of defendant's photograph was distinctively darker than the other photographs *(People v Emmons,* 123 AD2d 475, 476). Nor was the lineup rendered unduly suggestive because the complainant recognized two of the lineup standins and because a third individual was substantially heavier than the others *(People v Norris,* 122 AD2d 82, 84, *lv denied* 68 NY2d 916). Accordingly the admission of the complainant's in-court identification of defendant did not require an independent source determination. Concur—Carro, J. P., Milonas, Asch, Kassal and Rubin, JJ.