■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD P. MUSMACHER, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Vaughn, J.), rendered November 5, 1986, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony. Justice Lawrence has been substituted for the late Justice Kooper *(see,* 22 NYCRR 670.1 [c]).

Ordered that the judgment is affirmed.

The defendant contends that because of erroneous pretrial *Wade* rulings, a new trial is required. We disagree. The trial court should not have allowed the complainant Collins to make an in-court identification of the defendant because he had viewed an unduly suggestive photographic array of the defendant and subsequently failed to testify at the "independent basis" hearing *(see, People v Ryan,* 147 AD2d 508; *People v Riley,* 70 NY2d 523). However, it is nevertheless clear from this record that the complainant Norton never viewed the improper photographic array and that his in-court identification at trial was thus properly admitted. Further, because Norton's testimony provided overwhelming evidence as to defendant's guilt, Collins' in-court identification must be deemed harmless *(see, People v Crimmins,* 36 NY2d 230). In this regard, we note the extremely detailed description of the defendant's appearance and of the incident itself which Norton provided, the unequivocal nature of Norton's lineup and in-court identifications, and the proximity and duration of his observations of the defendant under good lighting conditions during the commission of the robbery.

We further reject the defendant's claim that the court improperly allowed the prosecutor to recall one of the defendant's alibi witnesses in order to rebut the witness's prior testimony as to his record of convictions. The court properly exercised its discretion in allowing the witness to be recalled *(see, People v Mercado,* 134 AD2d 292). When a witness denies on cross-examination that he has previously been convicted of a crime, the cross-examiner is not bound by the answer;

pursuant to statute (CPL 60.40 [1]) the judgment of conviction is admissible to affect his credibility *(see,* Richardson, Evidence § 491 [Prince 10th ed]).

We have examined the defendant's remaining contention and find it to be without merit. Harwood, J. P., Balletta, Lawrence and Miller, JJ., concur.