■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL VARGAS, Appellant. [599 NYS2d 289] —Judgments, Supreme Court, Bronx County (Frank Torres, J.), rendered June 11, 1991, convicting defendant, after jury trial, of attempted murder in the second degree, robbery in the first degree (two counts), assault in the first degree and criminal use of a firearm in the first degree, and upon his plea of guilty in connection with an unrelated case, of criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 12½ to 25 years on each of the attempted murder, robbery and criminal use of a

firearm counts, 7½ to 15 years on the assault count, and 3½ to 7 years on the weapon possession count, unanimously affirmed.

A visual examination of the photographic array and lineup photos indicates that each contained fillers of the same general physical appearance as defendant. Although the photographic array contained a photograph of a person known to the complainant, this did not render the array unduly suggestive (see, People v Floyd, 173 AD2d 211, 212, lv denied 78 NY2d 966). Additionally, although defendant was the only subject in the photo array displaying gold chains around his neck, this, too, did not render the array unduly suggestive, as there was no evidence that the perpetrator wore gold chains, so as to draw undue attention to defendant (see, e.g., People v Torres, 182 AD2d 587, 588, lv denied 80 NY2d 897).

Defendant failed to preserve his current claim that his mid-trial severance motion should have been granted on the ground of antagonistic defenses, as he did not move before the trial court for severance on that ground (People v Russell, 71 NY2d 1016). In any event, severance was not required as the core of the defenses offered by defendant and his codefendant was the same (People v Mahboubian, 74 NY2d 174, 184). Defendant's claim that severance was required because he was improperly limited in his cross-examination of the codefendant is likewise meritless. The trial court properly exercised its discretion in precluding defendant's cross-examination of the codefendant regarding an uncharged crime allegedly committed by the codefendant, as there was no factual showing that the codefendant was connected to that crime (People v Simpson, 109 AD2d 461, appeal dismissed 67 NY2d 1026).

We have considered defendant's additional arguments and find them to be without merit. Concur—Rosenberger, J. P., Kupferman, Ross and Kassal, JJ.