■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEVI STACKHOUSE, Appellant. [608 NYS2d 252] —Appeal by the defendant from a judgment of the County Court, Orange County (Bivona, J.), rendered November 30, 1990, convicting him of manslaughter in the first degree and criminal use of a firearm in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant failed to establish his ultimate burden of proving that the photographic array was unduly suggestive. In this case two eyewitnesses to the crime picked out the defendant's photograph from an array containing a total of six photographs. Although the defendant was the only one depicted in the array with a dark colored sweat shirt, this characteristic alone would not tend to draw the viewer's attention so as to indicate that the police believed the defendant to be the perpetrator of the crime (see, People v Robert, 184 AD2d 597, 598; People v Cherry, 150 AD2d 475, 476; People v Hawkins, 126 AD2d 747). Notably, the other people in the photographic array were not uniformly dressed, and any suggestiveness resulting from the photographs was minimized by the fact that neither of the witnesses described the defendant as wearing a dark shirt at the scene of the crime.

Viewing the evidence in a light most favorable to the

prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. One of several eyewitnesses observed the defendant shoot the victim from approximately 18 feet away, the victim fall to the ground, and the defendant run away. This testimony was substantially corroborated by three other eyewitnesses who had a clear view of the defendant in good lighting. Any minor testimonial inconsistencies do not render the testimony of the prosecution witnesses incredible as a matter of law. Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The sentence imposed was not unduly harsh or excessive *(see, People v Suitte,* 90 AD2d 80, 83).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Bracken, J. P., Miller, O'Brien and Altman, JJ., concur.