■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v COLIN M. HYDE, Appellant. [659 NYS2d 328] —Carpinello, J. Appeal from a judgment of the Supreme Court (Monserrate, J.), rendered August 18, 1995 in Otsego County, upon a verdict convicting defendant of the crimes of murder in the second degree (two counts), robbery in the first degree (two counts) and criminal use of a firearm in the first degree.

On the evening of May 20, 1994, defendant entered his previous place of employment—the Great American grocery store in the Town of Oneonta, Otsego County—wearing a ski mask and hat and armed with a loaded sawed-off .410-gauge shotgun. After kicking in the door to an office where two employees were counting the store's daily proceeds, defendant brandished the shotgun and demanded the money. He left the office moments later with approximately $5,000 in cash. In a heroic effort to apprehend defendant, off-duty State Police Officer Ricky Parisian, who was shopping with his wife that evening, was shot in the chest by defendant and died of his injuries. During this struggle, Parisian was able to unmask defendant and strip off his shirt in front of a store employee, Erik Simmons, and a shopper, Carol Dufresne. Shirtless and covered in blood, defendant fled.

As a result of this incident, an eight-count indictment was handed up against defendant and, following a jury trial, he was convicted of two counts of murder in the second degree (intentional murder [count 1] and felony murder [count 2]), two counts of robbery in the first degree (serious physical injury [count 6] and armed with a deadly weapon [count 7]) and crim-

inal use of a firearm in the first degree (count 8). Defendant was sentenced as a second felony offender to concurrent prison terms of 25 years to life on the murder convictions and prison terms of $12^1/_2$ to 25 years on each of the remaining convictions, to run concurrently with each other but consecutively to the intentional murder sentence. Defendant appeals.

Defendant contends that Supreme Court should have suppressed in-court identifications given by Dufresne, Simmons and another store employee, Janet Hanson, because a pretrial photographic array viewed by them was impermissibly suggestive. Suppression was properly denied. Having observed the photographic array, we note that obvious care was taken to procure five other male subjects with similar physical attributes to defendant. The six men in the photographic array were young and had similar coloring, builds and facial features (each was clean-shaven with short hair). Although defendant was the only individual depicted wearing a dark hooded sweatshirt, the other five men were not uniformly dressed; rather, they were each wearing varying, amorphous apparel. There was nothing conspicuous about any of the photographs, particularly that of defendant, to draw a viewer's attention to it. Consequently, the photographs used in the array were sufficiently similar to defendant in appearance that there was no reasonable possibility that the attention of these witnesses would have been drawn to defendant as the suspect chosen by the police (see, People v Chipp, 75 NY2d 327, cert denied 498 US 833; People v Stackhouse, 201 AD2d 686, lv denied 84 NY2d 833; People v Hall, 177 AD2d 951, lv denied 79 NY2d 948; People v Emmons, 123 AD2d 475, 476, lv denied 69 NY2d 827).

Accordingly, we agree with Supreme Court that the People satisfied their initial burden of coming forward with evidence establishing the reasonableness of the police conduct and lack of suggestiveness. That being the case, the burden shifted to defendant to establish that the identification procedure was unduly suggestive (see, e.g., People v Chipp, supra, at 335). This he failed to do. Defendant's argument that the photographic array was suggestive is premised on the notion that the perpetrator of the armed robbery and murder was described as wearing a black sweatshirt during the commission of the crimes and defendant was the only individual in the photographic array wearing a "black"* sweatshirt.

The fallacy of this argument is quite simple—defendant produced no evidence during the Wade hearing that these wit-

---

* We note that the photograph of defendant is in black and white.

nesses described the perpetrator as wearing a "black sweat-shirt" during the commission of the crimes such that the photographic array might be considered unduly suggestive (*see, People v Stackhouse, supra*; *People v Tedesco*, 143 AD2d 155, *lv denied* 73 NY2d 860; *cf.*, *People v Owens*, 74 NY2d 677). Each of these witnesses gave a statement to police a few hours after the robbery and murder; notably, there was no reference to a dark or black sweatshirt in any of these statements. Rather, Dufresne described the perpetrator's upper-body apparel as a light-colored T-shirt (white or light gray) and Simmons described it as a gray sweatshirt perhaps with a black T-shirt underneath. Hanson stated nothing about the perpetrator's upper-body apparel in her statement.

At a reopened *Wade* hearing on this precise issue, Dufresne and Simmons testified in accordance with their police statements, and defense counsel opted not to examine Hanson although she had been made available for this purpose. Under these circumstances, we find that defendant failed in his burden of proving that the array was unduly suggestive (*cf., People v Owens, supra*; *People v Lloyd*, 108 AD2d 873, *affd* 66 NY2d 964; *People v Sapp*, 98 AD2d 784). Thus, the admission of these witnesses' in-court identification of defendant did not require an independent source determination (*see, e.g., People v Chipp, supra*, at 335; *People v Floyd*, 173 AD2d 211, *lv denied* 78 NY2d 966).

In imposing sentence, Supreme Court directed that the three concurrent sentences imposed for the robbery convictions and the criminal use of a firearm conviction were to be served consecutively to the sentence imposed for intentional murder. With one exception, we find that the sentences imposed were legal. Pursuant to Penal Law § 70.25 (2) and the Court of Appeals' decision in *People v Laureano* (87 NY2d 640), defendant's sentences for robbery as set forth in count 6 of the indictment and intentional murder as set forth in count 1 must run concurrently.

We note that "consecutive sentences may be imposed when either the elements of the crimes do not overlap or if the facts demonstrate that the defendant's acts underlying the crimes are separate and distinct" (*People v Ramirez*, 89 NY2d 444, 451). In *People v Laureano (supra)*, the Court of Appeals held that Penal Law § 70.25 (2) mandates concurrent sentences for convictions of manslaughter in the first degree and robbery in the first degree when the same act caused the victim's physical injury for the purposes of the robbery conviction and his death for the purposes of manslaughter conviction. Here, in review-

ing the statutory elements for the crimes of robbery in the first degree involving serious physical injury (count 6) and intentional murder (count 1), it is clear that a single act committed by defendant—fatally shooting Parisian—was the act which caused both the intentional murder and the serious physical injury. Because this single act was a material element of robbery in the first degree and there was no evidence of separate and distinct relevant acts (*cf., People v Truesdell*, 70 NY2d 809; *People v Gonsa*, 220 AD2d 27, 33, *lv denied* 89 NY2d 923), we are of the view that Supreme Court was not authorized to impose consecutive sentences for the robbery (count 6) and intentional murder (count 1) convictions (*see, People v Laureano, supra; People v Nelson*, 171 AD2d 702, 705, *lv denied* 77 NY2d 964; *People v Davis*, 171 AD2d 672, *lv denied* 78 NY2d 1075; *cf., People v Brown*, 80 NY2d 361; *People v Brathwaite*, 63 NY2d 839; *People v Mayberry*, 224 AD2d 549, *lv denied* 88 NY2d 968; *People v Gonsa, supra*). Nothing herein contained shall be construed as affecting Supreme Court's decision that the concurrent sentences of 12 1/2 to 25 years for the convictions under counts 7 and 8 of the indictment shall each run consecutively to the 25 years to life sentence imposed under count 1.

We have reviewed defendant's remaining contentions and find them to be without merit.

Cardona, P. J., White, Casey and Spain, JJ., concur. Ordered that the judgment is modified, on the law, by directing that the sentence for robbery in the first degree (count 6) run concurrently with the sentence for murder in the second degree (count 1), and, as so modified, affirmed.