■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY RIDDICK, Appellant. [674 NYS2d 703] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Curci, J.), rendered October 5, 1995, convicting him of attempted robbery in the first degree, attempted robbery in the second degree (two counts), assault in the second degree (two counts), criminal possession of a weapon in the second degree (two counts), and criminal possession of a weapon in the third degree (two counts), upon a jury verdict, and imposing

sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress lineup identification testimony.

Ordered that the judgment is affirmed.

The testimony at the *Wade* hearing established that the witnesses to an attempted armed robbery at the NYNEX Building in Brooklyn had described one of the perpetrators as wearing dreadlocks and a striped shirt. When the defendant was shown to certain of these witnesses at a lineup, he and the five fillers wore baseball caps concealing their hair, but the defendant was the only individual in the lineup to wear a striped shirt. Under the circumstances, the lineup was unduly suggestive, and the identification testimony of the witnesses who viewed the tainted lineup should not have been admitted in the absence of a showing of independent source (*People v Adams,* 53 NY2d 241; *cf., People v Malloy,* 55 NY2d 296, 300, *cert denied* 459 US 847). However, in light of the overwhelming evidence of the defendant's guilt—which included the properly-admitted in-court identification of him by two other witnesses who had had ample opportunity to observe the defendant during the commission of the crime but who had not viewed the lineup—we conclude that the error was harmless beyond a reasonable doubt (*see, e.g., People v Owens,* 74 NY2d 677; *People v Crimmins,* 36 NY2d 230; *People v McQueen,* 170 AD2d 696, 697-698).

The record reveals that defense counsel made countless, and frequently frivolous, objections and motions for a mistrial; argued interminably with the court; refused to heed the court's instructions not to make speeches before the jury; and conducted unreasonably lengthy and repetitive cross-examinations. In order to prevent this disruptive behavior from distracting the jury, the court was obliged to intervene with a certain amount of regularity "to keep the proceedings within the reasonable confines of the issues and to encourage clarity rather than obscurity in the development of proof" (*see, e.g., People v Moulton,* 43 NY2d 944, 945). Such intervention did not deprive the defendant of a fair trial—particularly where comparable remarks by the trial court were also addressed to the prosecutor (*see, e.g., People v Gonzalez,* 38 NY2d 208, 210; *People v Dempsey,* 217 AD2d 705; *People v Cuba,* 154 AD2d 703). It is noteworthy that the defendant has identified no imbalance in the court's rulings in the course of this seven-week, aggressively prosecuted and defended trial. Finally, any prejudice that might have accrued to the defendant from the court's conduct towards defense counsel was neutralized by the

Judge's careful instructions that he had no opinion as to the guilt or innocence of the defendant, that the jurors were to decide the case on the merits alone, that they were not to consider anything he had said during the course of the trial as bearing upon the merits of the case, and that they were to ignore any remarks he had uttered while discharging his job as manager of the trial proceedings (*see, e.g., People v Almeida,* 159 AD2d 508, 509).

The defendant's sentence was not excessive (*see, People v Suitte,* 90 AD2d 80). Miller, J. P., Sullivan, Friedmann and Luciano, JJ., concur.