■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN PENA, Appellant. [997 NYS2d 746]—

Appeal by the defendant from a judgment of Supreme Court, Richmond County (Collini, J., at a trial; Rienzi, J., at sentence), rendered July 19, 2012, convicting him of assault in the first degree (two counts) and attempted robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings

up for review the denial, after a hearing (Collini, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the matter is remitted to the Supreme Court, Richmond County, to hear and report on that branch of the defendant's omnibus motion which was to suppress identification testimony in accordance herewith, and the appeal is held in abeyance in the interim. The Supreme Court, Richmond County, shall file its report with all convenient speed.

The hearing court erred in concluding that the pretrial identification procedure, a lineup, was not unduly suggestive. The defendant was conspicuously displayed in that lineup. He was the only lineup participant dressed in a red shirt, the item of clothing which figured prominently in the description of the assailant's clothing that the complainant gave to the police. Thus, at the lineup, the defendant's red shirt improperly drew attention to his person (see People v Owens, 74 NY2d 677, 678 [1989]; People v Riddick, 251 AD2d 517, 518 [1998]; People v Sapp, 98 AD2d 784 [1983]; People v Johnson, 79 AD2d 617 [1980]). Since the hearing court's erroneous determination effectively precluded the People from proffering evidence as to whether there was an independent source for the complainant's in-court identification, we remit the matter to the Supreme Court, Richmond County, to provide them with an opportunity to do so (see People v Coleman, 60 AD3d 1079, 1080 [2009]; People v Ryan, 147 AD2d 508 [1989]; see also People v Riley, 70 NY2d 523 [1987]). Pending a hearing and determination on that issue, the appeal is held in abeyance.

We decide no other issues at this time. Dillon, J.P., Chambers, Cohen and Maltese, JJ., concur.