■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN PENA, Appellant. [16 NYS3d 184]—

Motion by the defendant for leave to reargue an appeal from a judgment of the Supreme Court, Richmond County, rendered July 19, 2012, which was determined by decision and order of this Court dated December 10, 2014.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is

Ordered that the motion is granted and, upon reargument, the decision and order of this Court dated December 10, 2014 (*People v Pena*, 123 AD3d 849 [2014]), is recalled and vacated, and the following decision and order is substituted therefor:

Appeal by the defendant from a judgment of the Supreme

Court, Richmond County (Collini, J., at a trial; Rienzi, J., at sentence), rendered July 19, 2012, convicting him of assault in the first degree (two counts) and attempted robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Collini, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is reversed, on the law, and a new trial is ordered, to be preceded by an independent source hearing.

The hearing court erred in concluding that the pretrial identification procedure, a lineup, was not unduly suggestive. The defendant was conspicuously displayed in that lineup. He was the only lineup participant dressed in a red shirt, the item of clothing which figured prominently in the description of the assailant's clothing that the complainant gave to the police. Thus, at the lineup, the defendant's red shirt improperly drew attention to his person (*see People v Owens*, 74 NY2d 677, 678 [1989]; *People v Riddick*, 251 AD2d 517, 518 [1998]; *People v Sapp*, 98 AD2d 784 [1983]; *People v Johnson*, 79 AD2d 617 [1980]).

The hearing court's erroneous determination effectively precluded the People from proffering evidence as to whether there was an independent source for the complainant's in-court identification. Since the People did not have an opportunity to establish the existence of an independent source, if any, a new trial is required, to be preceded by an independent source hearing (*see People v Wilson*, 5 NY3d 778, 780 [2005]; *People v Burts*, 78 NY2d 20 [1991]; *People v Robinson*, 123 AD3d 1062, 1063 [2014]).

The defendant's remaining contentions need not be reached in light of our determination. Dillon, J.P., Chambers, Cohen and Maltese, JJ., concur.