People v Colsen (2020 NY Slip Op 01514)





People v Colsen


2020 NY Slip Op 01514


Decided on March 4, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 4, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
VALERIE BRATHWAITE NELSON, JJ.


2017-03753
 (Ind. No. 9781/15)

[*1]The People of the State of New York, respondent,
v
Terrence Colsen, appellant.


Paul Skip Laisure, New York, NY (Sam Feldman of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Sholom J. Twersky, and Denise Pavlides of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Cassandra M. Mullen, J.), rendered March 29, 2017, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Neil J. Firetog, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.
ORDERED that the judgment is reversed, on the law, that branch of the defendant's omnibus motion which was to suppress identification testimony is granted, and a new trial is ordered.
In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
However, we agree with the defendant's contention that the hearing court erred in finding that the pretrial identification procedure, a lineup, was not unduly suggestive. The defendant was the only person in the lineup with dreadlocks, and dreadlocks featured prominently in the description of one of the assailants that the complainant gave to the police. In addition, the dreadlocks were distinctive and visible despite the fact that the defendant and the fillers all wore hats (see People v Perkins, 28 NY3d 432; People v Pena, 131 AD3d 708). Accordingly, the lineup identification should have been suppressed. The error was not harmless as it cannot be said that there is no reasonable possibility that the error might have contributed to the defendant's conviction (see People v Jones, 173 AD3d 1062). Therefore, we reverse the judgment of conviction and order a new trial.
In light of our determination, the defendant's remaining contentions need not be reached.
LEVENTHAL, J.P., ROMAN, COHEN and BRATHWAITE NELSON, JJ., concur.

2017-03753 DECISION & ORDER ON MOTION
The People, etc., respondent,
v Terrence Colsen, appellant.
(Ind. No. 9781/15)

Motion by the respondent to strike an exhibit filed by the appellant on May 31, 2019, and stated portions of the appellant's brief on an appeal from a judgment of the Supreme Court, Kings County, rendered March 29, 2017, on the ground that they contain or refer to matter dehors the record. By decision and order on motion of this Court dated August 12, 2019, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is
ORDERED that the motion is denied.
LEVENTHAL, J.P., ROMAN, COHEN and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court