People v Thompson (2020 NY Slip Op 01940)





People v Thompson


2020 NY Slip Op 01940


Decided on March 18, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 18, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.


2013-11033
 (Ind. No. 130/11)

[*1]The People of the State of New York, respondent,
v
Malcolm Thompson, appellant.


Paul Skip Laisure, New York, NY (Jenin Younes of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and William H. Branigan of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Gregory L. Lasak, J.), rendered October 23, 2013, convicting him of murder in the second degree and criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant shot the victim in broad daylight in the courtyard of a housing project following an altercation between them in a nearby store.
Prior to trial, the defendant moved to present expert testimony regarding phenomena that could result in mistaken eyewitness identification. Contrary to the defendant's current contention, the trial court providently exercised its discretion in denying the motion (see People v McCullough, 27 NY3d 1158, 1161). In deciding whether to allow expert testimony on the issue of eyewitness identification, a trial court must determine whether the case turns on the accuracy of eyewitness identification, and whether there is corroborating evidence connecting the defendant to the crime (see People v LeGrand, 8 NY3d 449, 452, 456). Here, since substantial corroborating evidence existed, expert testimony pertaining to mistaken identification was not warranted (see People v Young, 7 NY3d 40). In this regard, video evidence established that the defendant was involved in a dispute with the victim leading up to the shooting. Testimony at trial established that the defendant owed the victim money, thereby providing the reason for the dispute and possible motive for the shooting. Three eyewitnesses to the shooting, two of whom were very familiar with the defendant, testified that the defendant, the victim, and another individual were arguing in the courtyard of the housing project just before the shooting. All three eyewitnesses stated that the defendant, who was wearing a distinctive jacket and kept his hands in his pockets until he pulled out the gun, was the shooter (see People v Page, 105 AD3d 1380; People v Munnerlyn, 92 AD3d 507). Additionally, evidence of consciousness of guilt was presented, since the defendant fled to Pennsylvania on the day of the shooting (see People v Fernandez, 78 AD3d 726). In view of the foregoing corroborating evidence, we agree with the trial court's determination denying the defendant's motion to present expert testimony on the issue of mistaken identification.
The defendant's contention that certain allegedly prejudical comments made by the prosecutor during his opening statement and on summation were improper is unpreserved for appellate review (see CPL 470.05[2]; People v Tonge, 93 NY2d 838; People v Hayes, 48 AD3d 831). In any event, many of the challenged comments were fair comment on the evidence, and responsive to defense counsel's summation (see People v Pocesta, 71 AD3d 920). To the extent that some of the challenged comments were improper, they were not so flagrant or pervasive as to deprive the defendant of a fair trial (see People v Williams, 123 AD3d 1152, affd 29 NY3d 84; People v Fuhrtz, 123 AD3d 735; People v Green, 159 AD2d 325).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
MASTRO, J.P., CHAMBERS, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court