People v Salgado (2022 NY Slip Op 50925(U))

[*1]

People v Salgado (Anthony)

2022 NY Slip Op 50925(U) [76 Misc 3d 134(A)]

Decided on September 23, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on September 23, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : MICHELLE WESTON, J.P., WAVNY TOUSSAINT, DONNA-MARIE E.
GOLIA, JJ

2019-1109 K CR

The People of the State of New York,
Respondent,
against
Anthony Salgado, Appellant. 

Appellate Advocates (Chelsea Lopez of counsel), for appellant.
Kings County District Attorney (Leonard Joblove, Seth M. Lieberman, Daniel Berman and Coby
Ballard of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Kings County
(Elizabeth N. Warin, J.), rendered May 30, 2019. The judgment convicted defendant, after a
nonjury trial, of public lewdness, harassment in the second degree and exposure of a person, and
imposed sentence. The appeal from the judgment of conviction brings up for review an order of
that court (Donald Leo, J.) dated March 7, 2018 denying defendant's motion to dismiss the
accusatory instrument on statutory speedy trial grounds and an order of that court (Michael D.
Kitsis, J.) dated June 29, 2018, which, upon reargument, adhered to its prior determination in an
order dated June 6, 2018 denying defendant's motion to suppress physical and identification
evidence.

ORDERED that the judgment of conviction is affirmed.
Defendant was charged in an accusatory instrument with public lewdness (Penal Law §
245.00 [a]), harassment in the second degree (Penal Law § 240.26 [1]) and exposure of a
person (Penal Law § 245.01). According to the accusatory instrument, defendant
masturbated on a train in public view, and, when the complainant, who was seated in the same
train car, exited, defendant exited, too, and remained on the train station platform staring at the
complainant. Defendant moved to dismiss the accusatory instrument on statutory speedy trial
grounds, which [*2]motion was denied by order dated March 7,
2018 (Donald Leo, J.). Defendant also moved to suppress physical and identification evidence,
which motion was denied by order dated June 6, 2018 (Michael D. Kitsis, J.), and then for leave
to reargue that motion. By order dated June 29, 2018, upon reargument, the court (Michael D.
Kitsis, J.) adhered to its prior determination. Following a nonjury trial, defendant was convicted
of all three charges and sentenced.
The Criminal Court found that 14 days were chargeable against the People. Defendant is
correct that the Criminal Court should not have summarily excluded the adjournment periods
from November 14 to December 14, 2017 and from December 14, 2017 to January 9, 2018 based
upon the prosecution's claim that defendant's absence on the November 14th and December 14th
appearance dates, when he was incarcerated in lieu of bail, was due to his own refusal to be
produced in court. However, on each of these two court dates, defense counsel participated
extensively in selecting the adjournment dates due to her own scheduling conflicts, rendering all
time, beyond the six days requested by the People on December 14, 2017 due to their
non-readiness, excludable on consent (see CPL 30.30 [4] [b]; People v Barden, 27 NY3d 550,
554 [2016]).
The Criminal Court correctly excluded the January 9 - February 6, 2018 adjournment period.
It is undisputed that defense counsel had informed the prosecutor in advance that she would not
be present on January 9, 2018 and to have a "tentative adjournment date of the 17th" (see
CPL 30.30 [4] [f]; People v Reed,
19 AD3d 312, 318 [2005]). Consequently, contrary to defendant's contention, under the
circumstances, the People did not have to have their witnesses in court to be ready on January 9,
2018.
In view of the foregoing, the People did not surpass the 60 days of chargeable time allotted to
them by statute (see CPL 30.30 [1] [c]) and, thus, the Criminal Court properly denied
defendant's motion to dismiss the accusatory instrument on statutory speedy trial grounds.
Defendant argues that his suppression motion should have been granted because the lineup
was suggestive and, for the first time on appeal, because the photo array was unduly suggestive.
While we find that the photo array was suggestive, it was not, standing alone, unduly suggestive.
However, coupled with text messages to the complainant from Detective Spencer Strauss
(Detective) prior to the complainant viewing the photo array, it was unduly suggestive and we are
therefore compelled to address this improper police conduct. Defendant has long, curly hair, and
other individuals with long hair were represented in the photo array. However, (1) defendant was
the only individual in the photo array with curly long hair, while the other individuals in the
photo array have straight long hair; and (2) prior to the complainant viewing the photo array, the
Detective sent text messages to the complainant notifying her that there was a "big break" in the
case and that the Detective was "picking up the perpetrator." This created an unduly suggestive
photo array atmosphere which was error, and cannot be ignored. This atmosphere carried over
into the lineup.
In view of the foregoing, we find that there was an unduly suggestive identification which
"create[d] a substantial likelihood that the defendant [would] be singled out for identification"
(People v Chipp, 75 NY2d 327, 336 [1990]). "However, in light of the overwhelming
evidence of [] defendant's guilt . . . we conclude that the error was harmless beyond a reasonable
doubt" (People v Riddick, 251 AD2d 517, 518 [1998] [citations omitted]). Indeed, this
case presents a particularly strong showing of harmless error. The complainant took a photograph
of defendant [*3]during the incident. Moreover, the complainant
also provided a specific description of the pink satin jacket defendant was wearing at the time he
committed these acts; the same jacket defendant was wearing when arrested.
Contrary to defendant's argument, the evidence—photographic, physical and
testimonial—was legally sufficient to demonstrate that defendant was guilty of public
lewdness and exposure of a person. Defendant's conviction of those two charges also was not
against the weight of the trial evidence. 
Furthermore, while defendant argues that the evidence was legally insufficient to establish
his guilt of harassment in the second degree pursuant to Penal Law § 240.26 (1), the
evidence demonstrated beyond a reasonable doubt that, "with intent to harass, annoy or alarm,"
defendant "follow[ed] [the complainant] in or about a public place or places" (Penal Law §
240.26 [2]). "[A] conviction under Penal Law § 240.26 will be affirmed if the evidence
establishes a violation of any one of the subdivisions of the statute" (People v Dorsett, 24 Misc 3d
131[A], 2009 NY Slip Op 51363[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists
2009]; see People v Todaro, 26 NY2d 325, 330 [1970]; People v Carcel, 3 NY2d
327 [1947]). This conviction also was not against the weight of the trial evidence.
Accordingly, the judgment of conviction is affirmed.
WESTON, J.P., and TOUSSAINT, J., concur.
GOLIA, J., concurs in the following memorandum:
I agree with my colleagues that the judgment of conviction should be affirmed.
However, defendant's argument, made for the first time on appeal, that the photo array
identification of him was unduly suggestive is unpreserved, and, unlike the majority, I decline to
review it in the interest of justice. Were I to review it, I would agree with my colleagues in the
majority that, standing alone, it was not unduly suggestive. Further, I conclude that defendant's
preserved contention that the lineup, standing alone (see generally People v Chipp, 75
NY2d 327, 336 [1990]), was unduly suggestive is without merit under the circumstances
presented—"the participants in the lineup were reasonably similar in appearance to []
defendant, and the police took reasonable steps to conceal [] defendant's [hair] by requiring that
the lineup participants, including [] defendant, wear hats to cover their hair" (People v Hodges, 155 AD3d 767,
767-768 [2017]). Prior to the photo array, the detective texted the complainant that there was a
"[b]ig break on case" and, following the photo array but prior to the lineup, he texted the
complainant that he would "be picking up the perpetrator later this morning." Neither of these
statements rendered the photo array or lineup unduly suggestive (see People v Cruz, 55 AD3d 365
[2008]; People v Johnson, 38 AD3d
569 [2007]). In any event, for the reasons set forth in the majority, error, if any, must be
deemed harmless (see People v Adams, 53 NY2d 241, 252 [1981]; People v
Gonzalez, 27 NY2d 53, 58 [1970]; People v Riddick, 251 AD2d 517, 518 [1998]).
"[A]ny possible suggestiveness did not render the identification testimony of the complaining
witness unreliable, since she clearly had a strong independent source upon which to make her
in-court identification" (People v Ataee, 2003 NY Slip Op 50977[U], at *1 [App Term,
2d Dept, 2d & 11th Jud Dists 2003]; see Adams, 53 NY2d 241; Riddick, 251
AD2d 517).
Finally, I am in agreement with the majority's conclusion that defendant's motion to dismiss
the accusatory instrument on statutory speedy trial grounds was properly denied and that
defendant's convictions of public lewdness, harassment in the second degree and exposure of a
[*4]person were supported by legally sufficient evidence and the
guilty verdicts were not against the weight of the evidence.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: September 23, 2022