■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NELSON CRUZ, Appellant. [865 NYS2d 87]—

Judgment, Supreme Court, New York County (Jeffrey M. Atlas, J., at suppression hearing; Bruce Allen, J., at jury trial and sentence), rendered June 17, 2005, convicting defendant of murder in the second degree and criminal possession of a weapon in the second degree, and sentencing him to an aggregate term of 25 years to life, unanimously affirmed.

The court properly denied defendant's motion to suppress the identification testimony of an eyewitness. The witness's lineup identification was not unduly suggestive. The record supports the court's factual determination (*see People v Prochilo*, 41 NY2d 759, 761 [1977]) that a detective did not tell the witness that the lineup would include the suspected perpetrator. In any event, such information would not have rendered the lineup unduly suggestive (*see People v Rodriguez*, 64 NY2d 738, 740-741 [1984]). Further, suppression was not warranted by the facts that the witness had described the assailant as wearing a blue T-shirt, and defendant was the only person in the lineup wearing such a shirt. The shirt was a common article of clothing (*see People v Santos*, 250 AD2d 413, 414 [1998], *lv denied* 92 NY2d 905 [1998], *cert denied* 525 US 1076 [1999]), and the lineup occurred more than a month after the crime, so that the passage of time would have reduced the significance of any similarity between the attire of a lineup participant and that of the

described suspect. In addition, the witness credibly testified at the hearing that the shirt did not affect her identification.

The court properly admitted evidence concerning the drug-trafficking relationship between defendant and the victim, which was highly probative of motive and identity, and provided context for other evidence. Furthermore, the People established a sufficient link between the illicit relationship and the murder. A witness testified that at the time of the crime the victim and defendant were engaged in an argument, and the jury could draw a reasonable inference that the argument was about drugs (*see People v Mena*, 269 AD2d 147 [2000], *lv denied* 95 NY2d 800 [2000]). The probative value of the evidence of uncharged crimes outweighed its prejudicial effect, which the court minimized by way of a limiting instruction.

To the extent that the court erred in admitting testimony that the District Attorney's Office helped a witness to relocate, the error was harmless in light of the overwhelming evidence of defendant's guilt, which included the testimony of multiple identifying witnesses. Concur—Mazzarelli, J.P., Friedman, Nardelli, Williams and Freedman, JJ.