◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEVAUGHN CAMPBELL, Appellant. [62 NYS3d 798]—

Judgment, Supreme Court, New York County (Thomas Farber, J.), rendered October 16, 2012, convicting defendant, after a jury trial, of attempted murder in the second degree, burglary in the first degree (three counts), robbery in the first

degree (four counts), criminal possession of a weapon in the second degree (two counts), criminal use of a firearm in the first degree (four counts) and endangering the welfare of a child, and sentencing him, as a second violent felony offender, to an aggregate term of 23 years, unanimously affirmed.

The court properly denied defendant's motion to suppress various items recovered by the police at the time of his arrest. The police were permitted to approach defendant to request information because he was found near the crime scene and matched the general description of the suspect (*People v Hollman*, 79 NY2d 181, 190-191 [1992]). The police, responding to a 1:00 a.m. radio run of shots fired, did not exceed their authority when, upon approaching defendant without drawing their firearms, they directed him to stop and put his hands up in the air. Merely asking defendant to raise his hands was a minimal intrusion in light of the exigent circumstances. "[A]ny inquiry into the propriety of police conduct must weigh the degree of intrusion entailed against the precipitating and attending circumstances out of which the encounter arose" (*People v Stephens*, 47 AD3d 586, 588 [1st Dept 2008], *lv denied* 10 NY3d 940 [2008]).

We also find that defendant abandoned a coat containing a pistol because his decision to drop the coat when he ran from the approaching police officer was a knowing and voluntary one, entitling him to no legitimate expectation of privacy in that property, and resulting in a waiver of his Fourth Amendment protection against unreasonable searches and seizures (*People v Ramirez-Portoreal*, 88 NY2d 99, 110 [1996]). Defendant's unusual behavior of dropping the coat, coupled with his flight, gave the police reasonable suspicion to pursue and ultimately detain him (*People v Woods*, 98 NY2d 627 [2002]). After recovering the gun, the police had probable cause to arrest him.

We also find that the record supports the court's findings that the photographic lineup was not unduly suggestive. The fact that defendant may have been the only person in the photographic lineup wearing white sneakers does not render the lineup unduly prejudicial—even though the victims' description of the perpetrator included white sneakers—as the clothing at issue is not unusual and is an extremely common item of clothing (*see e.g. People v Drayton*, 70 AD3d 595 [1st Dept 2010], *lv denied* 15 NY3d 749 [2010]; *People v Gilbert*, 295 AD2d 275, 277 [1st Dept 2002], *lv denied* 99 NY2d 558 [2002]). We note that two of the four victims were not able to identify defendant. We have considered and rejected defendant's remaining challenges to the identification procedures.

We perceive no basis for reducing the sentence. Concur—Manzanet-Daniels, J.P., Mazzarelli, Webber and Oing, JJ.