■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NAIM JABBAR, Appellant. [66 NYS3d 232]—

Judgment, Supreme Court, New York County (Gregory Carro, J. at suppression hearing; Daniel P. Conviser, J. at jury

trial and sentencing), rendered May 12, 2015, convicting defendant of robbery in the third degree and grand larceny in the fourth degree, and sentencing him, as a second felony offender, to an aggregate term of 3½ to 7 years, unanimously affirmed.

The court properly denied defendant's motion to suppress a lineup identification (*see People v Chipp*, 75 NY2d 327, 336 [1990], *cert denied* 498 US 833 [1990]). The police carefully selected fillers who matched defendant's appearance, including his distinctive haircut, and the procedure was not rendered unduly suggestive by the fact that defendant was the only participant wearing a black T-shirt. This was a common item of clothing (*see People v Cruz*, 55 AD3d 365, 365 [1st Dept 2008], *lv denied* 11 NY3d 924 [2009]), and it did not figure prominently in the victim's detailed description of his assailant, which was primarily focused on the assailant's physical appearance (*see e.g. People v Torres*, 182 AD2d 587, 588 [1st Dept 1992], *lv denied* 80 NY2d 897 [1992]). Moreover, the victim had described the shirt as black or dark-colored, and some of the other lineup participants had dark shirts. Although the victim commented at the lineup that defendant was dressed the same way as he was during the robbery, the victim also emphasized that he had selected defendant because of his facial features and not his clothing.

The verdict was not against the weight of the evidence. There is no basis for disturbing the jury's determinations concerning credibility, including its evaluation of any discrepancies in the victim's version of events (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]).

The court properly denied defendant's request for submission of petit larceny as a lesser included offense, because such a charge was not supported by a reasonable view of the evidence, viewed most favorably to defendant. The victim unwaveringly testified that he surrendered his money because of defendant's use or threat of force, and not because of defendant's efforts to take the money by false pretenses. The only means by which defendant could have been found not guilty of the greater crimes and guilty of the lesser one was through the impermissible "selective dissection of the integrated testimony of a single witness as to whom credibility, or incredibility, could only be a constant factor" (*People v Scarborough*, 49 NY2d 364, 373 [1980]; *see also People v Negron*, 91 NY2d 788, 792 [1998]). Concur—Renwick, J.P., Manzanet-Daniels, Mazzarelli, Kahn and Moulton, JJ.