People v Irving (2026 NY Slip Op 01321)

People v Irving

2026 NY Slip Op 01321

Decided on March 10, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 10, 2026

Before: Webber, J.P., Scarpulla, González, Rodriguez, Higgitt, JJ. 

Ind. No. 2811/17|Appeal No. 6050|Case No. 2018-03730|

[*1]The People of the State of New York, Respondent,
vMarc Irving, Defendant-Appellant.

Caprice R. Jenerson, Office of the Appellate Defender, New York (Stephen R. Strother of counsel), and Alston & Bird LLP, New York (Theodore Altman of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Matthew Colangelo of counsel), for respondent.

Judgment, Supreme Court, New York County (Roger Hayes, J., at suppression hearing; Curtis Farber, J., at plea and sentencing), rendered May 11, 2018, convicting defendant of burglary in the second degree and criminal impersonation in the first degree, and sentencing him, as a second felony offender, to an aggregate term of six years, unanimously affirmed.
The court erred in denying defendant's motion to suppress the lineup identification. The lineup was unduly suggestive because defendant was the sole participant wearing clothing matching the victims' prior description, thereby creating a substantial likelihood that defendant would be singled out for identification (see People v Chipp, 75 NY2d 327, 336 [1990], cert denied 498 US 833 [1990]; People v Owens, 74 NY2d 677, 678 [1989]).
Of the five men in the lineup, which took place within hours of the incidents, defendant was the only one visibly wearing a red shirt, a detail prominently featured in the victims' description of the perpetrator (see People v Pena, 131 AD3d 708, 709 [2d Dept 2015], lv denied 26 NY3d 1148 [2016]; cf. People v Jabbar, 155 AD3d 586, 587 [1st Dept 2017], lv denied 30 NY3d 1116 [2018]; People v Cruz, 55 AD3d 365, 365-366 [1st Dept 2008], lv denied 11 NY3d 924 [2009]). While the police selected four fillers to match the description of the perpetrator provided by the two victims and attempted to obscure their clothing during the lineup by covering them with garbage bags, the red shirt worn by defendant was still clearly visible. Considering the totality of circumstances, the fact that one of the victims did not make a positive identification does not alter defendant's showing that the lineup was unduly suggestive (cf. People v Campbell, 155 AD3d 412, 413 [1st Dept 2017], lv denied 30 NY3d 1114 [2028]).
Notwithstanding the court's error in failing to suppress the lineup identification, that error was harmless as there was other admissible evidence unquestionably connecting defendant to the burglaries, which defendant does not challenge. Notably, credit cards bearing the name of one of the victims were recovered from defendant during his arrest; transaction information connected the other victim's stolen credit card to the store where defendant was ultimately located; and defendant made an incriminating statement to the police. With this evidence establishing defendant as the perpetrator, there is no "reasonable possibility that the [court's] error contributed to the plea" (see People v Robles, 42 NY3d 694, 696-697 [2024]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 10, 2026