■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NORMAN SIMMONS, Appellant.—Appeal by the defendant from an amended judgment of the Supreme Court, Kings County (Murray, J.), rendered July 14, 1982, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the amended judgment is affirmed.

The defendant contends that the evidence adduced at trial was insufficient to establish his guilt beyond a reasonable doubt due to certain inconsistencies in the testimony of the sole eyewitness. However, viewing the evidence in the light most favorable to the People (People v Contes, 60 NY2d 620),

we find that it was legally sufficient to support the conviction. The evidence established that the defendant had expressed his intent to kill Mario Hamilton just one-half hour before the eyewitness, with whom the defendant was previously acquainted, observed the defendant shoot Hamilton in broad daylight on a public street. After the shooting, the defendant exited the car in which he was a passenger, examined the body and then rode away. This testimony amply supports the defendant's conviction of murder in the second degree *(see, People v Arroyo,* 54 NY2d 567, *cert denied* 456 US 979; *People v McCrimmon,* 131 AD2d 598, *lv dismissed* 70 NY2d 714).

Also without merit is the defendant's claim that the verdict was against the weight of the evidence. Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]). Lawrence, J. P., Rubin, Spatt and Sullivan, JJ., concur.