OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed and the case remitted to that Court for consideration of the facts and issues raised but not determined on appeal to that Court.
Defendant was charged with murder in the second degree (Penal Law §§ 20.00, 125.25 [3]), robbery in the first degree (Penal Law §§ 20.00, 160.15 [4]) and attempted robbery in the first degree (Penal Law §§ 20.00, 110.00, 160.15 [4]) arising out of the robbery and murder of a man at a barbershop on Dewey Avenue in Rochester, New York.
On December 27, 2008, an eyewitness, J.J., was in front of the barbershop owned by the victim, Vincent Dotson, when a white Malibu with a missing hubcap pulled up. One of the occupants of the vehicle followed J.J. into the barbershop, sat in a chair and asked for a haircut. J.J. sat in another chair. The man took two phone calls in succession. Shortly thereafter, three other men entered the barbershop. One of them asked, “where’s the bud at,” while another man (later identified as defendant) shut the door and attempted to lock it. The men ordered J.J. and Dotson to the floor, demanding money and drugs. One of the men took $200 from Dotson and then fatally shot him. The four men fled and J.J. called 911.
Later that evening, the police, in response to a dispatch concerning the robbery, pursued a white Malibu with three men inside. All three men fled; two of them escaped, but the driver, one Willie Harvey, was apprehended. Harvey was transported to the crime scene, where a witness — another employee of the barbershop who had been waiting for a bus nearby when the incident occurred — identified him as the driver. Approximately three months later, J.J. identified de *1160 fendant in a lineup as the last man to enter the barbershop. Harvey later implicated defendant in the crimes.
Defendant was thereafter indicted on the murder and robbery counts, pleaded not guilty and proceeded to trial.
The defense moved for an order permitting, among other things, testimony from an identification expert about certain factors that could have influenced J.J.’s ability to make a positive identification of defendant.* Supreme Court, noting that it had previously heard J.J.’s testimony in a criminal proceeding brought against Harvey’s brother (one of the accomplices in the crime), held that J.J.’s identification of defendant as a participant, coupled with Harvey’s testimony connecting defendant to the incident, would constitute sufficient corroboration. It therefore denied the motion, but granted the defense permission to revisit the issue once the People had rested their case.
At trial, in addition to J.J.’s testimony concerning the events he observed in the barbershop, the People produced testimony from Harvey, the getaway driver, who, by then, had pleaded guilty to robbery in the first degree for his role as an accomplice in the crime. Harvey testified that he observed defendant at Harvey’s cousin’s house both immediately before and after the crime. He also stated that Harvey’s brother, cousin, defendant and another man drove in two separate cars to the corner of Dewey Avenue and Flower City Park. At that point, Harvey remained in the car while the four men walked down Dewey Avenue, with the men returning approximately 15 minutes later. According to Harvey, all of the participants reconvened at his cousin’s home where he observed the other four men, including defendant, place marijuana and two or three guns on the hood of the Malibu.
Harvey admitted at trial that he initially failed to pick defendant out of a photo array a month after the incident. He testified that he did not identify defendant because, at that point, he was unsure what role his brother had played in the incident. He admitted that he had lied when he told police that he did not recognize anyone in the array.
At the conclusion of the People’s case, defense counsel renewed her motion to call the expert witness. The court denied the motion, stating that J.J.’s testimony had been corroborated *1161 by Harvey’s, rendering the proposed expert testimony unnecessary. The jury convicted defendant of all counts. Defendant appealed.
A divided Appellate Division reversed, holding, as relevant here, that the trial court abused its discretion in precluding the defense from presenting expert testimony on the reliability of eyewitness identification (126 AD3d 1452, 1452-1453 [4th Dept 2015]). The dissenting Justices stated that Supreme Court, having observed the getaway driver and hearing his testimony, was “in the best position to determine whether the testimony with respect to [his] ability to identify defendant was sufficient to establish the reliability of that identification, and thus to constitute sufficient corroborating evidence of the eyewitness identification” (id. at 1458 [citations omitted]). A Justice of the Appellate Division granted the People leave to appeal (25 NY3d 1079 [2015]).
The decision to admit or exclude expert testimony concerning factors that affect the reliability of eyewitness identifications rests within the sound discretion of the trial court (see People v Lee, 96 NY2d 157, 160 [2001]). When the motion is considered during the People’s case-in-chief, the trial court performs this function by weighing the request to introduce such testimony “against other relevant factors, such as the centrality of the identification issue and the existence of corroborating evidence” (id. at 163; see also People v LeGrand, 8 NY3d 449, 459 [2007]). To the extent LeGrand has been understood to require courts to apply a strict two-part test that initially evaluates the strength of the corroborating evidence, it should instead be read as enumerating factors for trial courts to consider in determining whether expert testimony on eyewitness identification “ ‘would aid a lay jury in reaching a verdict’ ” (Lee, 96 NY2d at 162, quoting People v Taylor, 75 NY2d 277, 288 [1990]). Courts reviewing such a determination simply examine whether the trial court abused its discretion in applying the “standard balancing test of prejudice versus probative value” (People v Powell, 27 NY3d 523, 531, [2016]).
Here, Supreme Court did not abuse its discretion as a matter of law when it precluded the introduction of the expert testimony. The trial court was entitled to reject the expert testimony after balancing the probative value of the evidence against its prejudicial or otherwise harmful effects. In light of the fact that “trial courts generally have the power to limit the amount and scope of evidence presented” (LeGrand, 8 NY3d at *1162 452), on this record, the Appellate Division erred in holding that Supreme Court abused its discretion as a matter of law in precluding the testimony.

The expert was expected to testify as to how the level of violence, the length of the incident and the presence of a weapon could influence an eyewitness’s ability to make an identification.