# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**232/15**
**KA 11-01614**
PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, LINDLEY, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

JAMELL R. MCCULLOUGH, DEFENDANT-APPELLANT.

---

EASTON THOMPSON KASPEREK SHIFFRIN LLP, ROCHESTER (BRIAN SHIFFRIN OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Joseph D. Valentino, J.), rendered November 3, 2010. The judgment convicted defendant, upon a jury verdict, of murder in the second degree, robbery in the first degree and attempted robbery in the first degree. The judgment was reversed by order of this Court entered March 27, 2015 in a memorandum decision (126 AD3d 1452), and the People on May 21, 2015 were granted leave to appeal to the Court of Appeals from the order of this Court (25 NY3d 1079), and the Court of Appeals on June 28, 2016 reversed the order and remitted the case to this Court for consideration of the facts and issues raised but not determined on the appeal to this Court (___ NY3d ___ [June 28, 2016]).

Now, upon remittitur from the Court of Appeals and having considered the issues raised but not determined on the appeal to this Court,

It is hereby ORDERED that, upon remittitur from the Court of Appeals, the judgment so appealed from is unanimously affirmed.

Memorandum: This case is before us upon remittitur from the Court of Appeals (*People v McCullough*, ___ NY3d ___, ___ [June 28, 2016], *revg* 126 AD3d 1452). We previously reversed the judgment convicting defendant upon a jury verdict of, inter alia, murder in the second degree (Penal Law § 125.25 [3]) and robbery in the first degree (§ 160.15 [4]), holding that Supreme Court abused its discretion in precluding defendant from presenting expert testimony on the reliability of eyewitness identifications. The Court of Appeals reversed our order and held that the trial court did not abuse its discretion as a matter of law when it precluded the introduction of such expert testimony, and the Court remitted the matter to us for consideration of the facts and issues raised but not determined on the appeal (*McCullough*, ___ NY3d at ___). We now affirm.

Defendant failed to preserve for our review his remaining contention that the trial court's ruling concerning the expert testimony in question violated his constitutional rights (*see People v Lane*, 7 NY3d 888, 889; *People v Chisolm*, 57 AD3d 223, 224, *lv denied* 12 NY3d 782), and we decline to exercise our power to address that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Entered:  July 8, 2016                          Frances E. Cafarell
                                                Clerk of the Court