People v Jones (2021 NY Slip Op 02695)





People v Jones


2021 NY Slip Op 02695


Decided on April 30, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 30, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, LINDLEY, CURRAN, AND BANNISTER, JJ.


1108 KA 05-02775

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JAMES L. JONES, ALSO KNOWN AS JIMMY JOE JONES, DEFENDANT-APPELLANT. 






EASTON THOMPSON KASPEREK SHIFFRIN LLP, ROCHESTER (DONALD M. THOMPSON OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (SCOTT MYLES OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (Richard A. Keenan, A.J.), rendered October 25, 2002. The judgment convicted defendant upon a jury verdict of murder in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him after a jury trial of murder in the second degree (Penal Law § 125.25 [1]), arising from an incident in which he shot and killed the victim. We affirm.
Viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's contention that the verdict is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Specifically, defendant contends that the testimony of the eyewitness who identified him as the shooter (identifying witness) should be discredited because, inter alia, she made statements identifying someone other than defendant as the shooter and other eyewitnesses testified that defendant was not the shooter. However, the jury "chose to credit the identification of defendant as the shooter" (People v Lanier, 130 AD3d 1310, 1311 [3d Dept 2015], lv denied 26 NY3d 1009 [2015]; see People v Cross, 174 AD3d 1311, 1314 [4th Dept 2019], lv denied 34 NY3d 950 [2019]). The issues of credibility and identification, including the weight to be given to any inconsistencies in the testimony of the various eyewitnesses,
" 'were properly considered by the jury and there is no basis for disturbing its determinations' " (People v Kelley, 46 AD3d 1329, 1330 [4th Dept 2007], lv denied 10 NY3d 813 [2008]; see Cross, 174 AD3d at 1315). Indeed, we note that the jury could have reasonably credited the testimony from the identifying witness—despite some inconsistencies in her account—because she identified defendant as the shooter several times on the night of the shooting and had prior familiarity with defendant (see People v Simmons, 145 AD2d 516, 517 [2d Dept 1988]).
We also reject defendant's contention that County Court erred in limiting testimony about inconsistent statements made by the identifying witness. The court did, in fact, permit defense counsel to elicit testimony from another witness regarding inconsistent statements made by the identifying witness with respect to her identification of the shooter. Further, in addition to the other witness's testimony regarding the inconsistent statements, defense counsel elicited testimony from the identifying witness herself about the inconsistent statements, and thus any precluded testimony by the other witness regarding the inconsistent statements was essentially cumulative (see generally People v Jones, 147 AD3d 1521, 1522 [4th Dept 2017], lv denied 29 NY3d 1044 [2017]; People v Ramsey, 59 AD3d 1046, 1048 [4th Dept 2009], lv denied 12 NY3d 858 [2009]).
Defendant's contention that the court's limitations on the witness's testimony deprived him of his constitutional right to present a defense is unpreserved for our review (see People v Lane, 7 NY3d 888, 889 [2006]; see also People v McCullough, 141 AD3d 1125, 1126 [4th Dept 2016], lv denied 28 NY3d 972 [2016]), and we decline to exercise our power to address that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). Similarly, defendant failed to preserve his contention that the court deprived him of his right to due process and his constitutional right to present a defense when it precluded him from calling two assistant district attorneys as witnesses to impeach the credibility of the identifying witness (see Lane, 7 NY3d at 889), and we decline to exercise our power to reach that contention as a matter of discretion in the interest of justice as well (see CPL 470.15 [6] [a]).
Contrary to defendant's contention, we also conclude that he was not deprived of effective assistance of counsel when defense counsel failed to cross-examine the identifying witness about her purported vision problems, which were noted in school records disclosed before trial. In our view, the failure to cross-examine the identifying witness with respect to her vision problems did not involve an issue that was "so clear-cut and dispositive that no reasonable defense counsel would have failed to assert it" (People v Nellons, 187 AD3d 1574, 1575 [4th Dept 2020], lv denied 36 NY3d 1058 [2021] [internal quotation marks omitted]). That is especially so given that other evidence in the record established that the identifying witness had good vision, which also suggested that defense counsel's decision was grounded in legitimate trial strategy (see generally People v Keschner, 25 NY3d 704, 723 [2015]; People v Botting, 8 AD3d 1064, 1066 [4th Dept 2004], lv denied 3 NY3d 671 [2004]). In any event, defense counsel provided effective representation to defendant in his cross-examination of the identifying witness by impeaching her credibility with respect to her identification of defendant as the shooter through her prior inconsistent statements. " '[S]peculation that a more vigorous cross-examination might have [further] [undermined the credibility of a witness] does not establish ineffectiveness of counsel' " (People v Lozada, 164 AD3d 1626, 1628 [4th Dept 2018], lv denied 32 NY3d 1174 [2019]).
Defendant contends that the court abused its discretion in denying him access to certain confidential records relating to the identifying witness, which defendant had sought via a judicial subpoena duces tecum. Confidential records "will not be discoverable in an open-ended 'fishing expedition searching for some means of attacking the [witness's] credibility' " (People v Bowman, 139 AD3d 1251, 1253 [3d Dept 2016], lv denied 28 NY3d 927 [2016]; see People v Brown, 24 AD3d 884, 887 [3d Dept 2005], lv denied 6 NY3d 832 [2006]). In considering a request to disclose such information, the court, in conducting its in camera review, must determine whether "the records [at issue] contain data relevant and material to the determination of guilt or innocence" (Bowman, 139 AD3d at 1253 [internal quotation marks omitted]; see People v Kiah, 156 AD3d 1054, 1056 [3d Dept 2017], lv denied 31 NY3d 984 [2018]; see also People v Kozlowski, 11 NY3d 223, 241-242 [2008], rearg denied 11 NY3d 904 [2009], cert denied 556 US 1282 [2009]). Here, the court did not abuse its discretion in declining to disclose all but nine pages of the requested confidential documents because those documents had little, if any, relevance to defendant's case and were not exculpatory. Indeed, defendant was "simply fishing for 'general credibility' evidence" (Kozlowski, 11 NY3d at 242; see also People v Bassett, 55 AD3d 1434, 1437 [4th Dept 2008], lv denied 11 NY3d 922 [2009]).
We have reviewed defendant's remaining contention and conclude that it does not warrant modification or reversal of the judgment.
Entered: April 30, 2021
Mark W. Bennett
Clerk of the Court