People v Collins (2025 NY Slip Op 01534)

People v Collins

2025 NY Slip Op 01534

Decided on March 14, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 14, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, MONTOUR, GREENWOOD, AND KEANE, JJ.

890 KA 23-00977

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TENELL I. COLLINS, DEFENDANT-APPELLANT. 

JOHN R. LEWIS, SLEEPY HOLLOW, FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (ELISABETH DANNAN OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Onondaga County Court (Theodore H. Limpert, J.), rendered May 18, 2023. The judgment convicted defendant upon a jury verdict of use of a child in a sexual performance, possessing a sexual performance by a child (seven counts), and endangering the welfare of a child. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of one count of use of a child in a sexual performance as a sexually motivated felony (Penal Law §§ 130.91, 263.05), seven counts of possessing a sexual performance by a child (§ 263.16), and one count of endangering the welfare of a child (§ 260.10 [1]). The conviction stems from the discovery of pornographic pictures of a 13-year-old child on defendant's cell phone.
Defendant contends that County Court violated his right to present a defense by improperly limiting his cross-examination of the child. To the extent that defendant's contention is preserved for our review (see generally People v Lane, 7 NY3d 888, 889 [2006]; People v Jones, 193 AD3d 1410, 1412 [4th Dept 2021], lv denied 37 NY3d 972 [2021]), we conclude that it lacks merit (see generally People v Patterson, 188 AD3d 1673, 1673-1674 [4th Dept 2020], lv denied 36 NY3d 1053 [2021]; People v Adeyemi, 32 AD3d 755, 756 [1st Dept 2006], lv denied 7 NY3d 865 [2006]; People v Wegman, 2 AD3d 1333, 1335 [4th Dept 2003], lv denied 2 NY3d 747 [2004]).
Contrary to defendant's further contention, the evidence, viewed in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), is legally sufficient to support the conviction with respect to the counts of possessing a sexual performance by a child (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
We have reviewed defendant's remaining contentions and conclude that none warrants modification or reversal of the judgment.
Entered: March 14, 2025
Ann Dillon Flynn
Clerk of the Court