| **Abney v Odyssey House, Inc.** |
|:---:|
| 2025 NY Slip Op 34760(U) |
| December 29, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 160167/2025 |
| Judge: Hasa A. Kingo |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:        **HON. HASA A. KINGO**                    PART                    05M
                                          *Justice*

-------------------------------------------------------------------------------X

LINDA ABNEY,                                          INDEX NO.           160167/2025

                    Plaintiff,                        MOTION DATE              N/A

                                                      MOTION SEQ. NO.           001
- v -

ODYSSEY HOUSE, INC.,GEORGE ROSENFELD CENTER
FOR RECOVERY, GEORGE ROSENFELD, INC.,CITY OF          **DECISION + ORDER ON**
NEW YORK                                                    **MOTION**

                    Defendant.

-------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26

were read on this motion to _____DISMISS_____.

Defendant George Rosenfeld, Inc. ("GRI") moves, pursuant to CPLR §§ 3211(a)(1) and (7), to dismiss the complaint and all cross-claims asserted against it by co-defendants Odyssey House, Inc. ("Odyssey") and the City of New York ("City"). In the alternative, GRI requests treatment under CPLR § 3211(c) as a motion for summary judgment and dismissal on that basis. No opposition has been submitted.

For the reasons set forth below, the motion is granted in its entirety.

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Linda Abney ("Plaintiff") commenced this negligence action on August 1, 2025, alleging that on May 15, 2025 she sustained injuries at the George Rosenfeld Center for Recovery, located at 13 Hell Gate Circle, Ward's Island, New York 10035 (the "Subject Premises"). The complaint alleges broadly that GRI owned, operated, maintained, controlled, designed, supervised, or otherwise conducted business at the Subject Premises, and asserts a single negligence cause of action against GRI.

The City (answer filed September 4, 2025) and Odyssey (answer filed October 9, 2025) asserted cross-claims for contribution and common-law indemnification against GRI.

GRI now moves to dismiss, submitting documentary evidence demonstrating that: 1.) GRI never owned, leased, controlled, maintained, operated, or made special use of the Subject Premises; 2.) GRI has never provided chemical dependency treatment services; 3.) The "George Rosenfeld" associated with the center is a different individual unrelated to the corporate defendant;

[* 1]

4.) All ACRIS-recorded deeds for the Subject Premises identify only New York State entities—not GRI—as the owners; and 5.) A 2018 State Aid Grant Lien and 2019 Satisfaction involving Odyssey and the State likewise do not mention GRI.

These facts are set forth in the Affirmations of Scott B. Fisher, Esq. and Debra Rosenfeld, President of GRI, and documentary evidence annexed thereto, including the 1987 deeds, ACRIS property records, and State Aid Grant Lien documents. No party has submitted opposition or evidence refuting GRI's showing.

## ARGUMENT

GRI contends that dismissal is required under CPLR § 3211(a)(1) because documentary evidence "utterly refutes" Plaintiff's allegations and conclusively establishes that GRI had no ownership, occupancy, control, or special use of the Subject Premises. Alternatively, dismissal is warranted under CPLR § 3211(a)(7) because Plaintiff has not pleaded—and cannot plead—a viable negligence claim against an entity that owed no duty to her.

GRI further argues that, even if the court were to convert the motion under CPLR § 3211(c), summary judgment would be appropriate because no triable issue exists as to GRI's complete lack of involvement with the premises.

## DISCUSSION

Under CPLR § 3211(a)(1), dismissal is warranted where documentary evidence "utterly refutes" a plaintiff's factual allegations and conclusively establishes a defense as a matter of law (*Mill Fin., LLC v. Gillett*, 122 AD3d 98, 103 [1st Dept 2014]). Documents such as deeds, contracts, and official records qualify as documentary evidence where their contents are "essentially undeniable" (*Midorimatsu, Inc. v. Hui Fat Co.*, 99 AD3d 680, 682 [2d Dept 2012]).

Under CPLR § 3211(a)(7), the court must determine whether Plaintiff "has a cause of action, not merely whether she has stated one" (*Ark Bryant Park Corp. v. Bryant Park Restoration Corp.*, 285 AD2d 143, 150 [1st Dept 2001]). Legal conclusions contradicted by documentary evidence are not entitled to favorable inference (*Robinson v. Robinson*, 303 AD2d 234 [1st Dept 2003]). Where the record permits, the court may also treat a CPLR § 3211 motion as one for summary judgment under CPLR §3211(c) (*Four Seasons Hotels v. Vinnik*, 127 AD2d 310, 318–19 [1st Dept 1987]).

A negligence claim requires a duty of care (*Solomon v. City of New York*, 66 NY2d 1026, 1027 [1985]). "In the absence of duty, there is no breach and without a breach there is no liability" (*Pulka v. Edelman*, 40 NY2d 781, 782 [1976]).

New York law is unequivocal: Liability for a dangerous condition on property rests upon ownership, occupancy, control, or special use (*Balsam v. Delma Eng'g Corp.*, 139 AD2d 292, 296 [1st Dept 1988] *lv dismissed & denied*, 73 NY2d 783 (1988); *Branch v. County of Sullivan*, 25 NY3d 1079 [2015]; *Jackson v. Bd. of Educ. Of the City of N.Y.*, 30 AD3d 57 [1st Dept 2006]). Where none of these are present, dismissal is mandatory (*Balsam*, 139 AD2d at 297).

**160167/2025   ABNEY, LINDA vs. ODYSSEY HOUSE, INC. ET AL**          **Page 2 of 4**
**Motion No.  001**

2 of 4

[* 2]

The motion record before the court demonstrates that: 1.) GRI never owned or possessed the Subject Premises (ACRIS-recorded deeds from 1987 show that title transferred from New York State financing entities to the New York State Medical Care Facilities Finance Agency—not GRI and GRI is not mentioned in any deed); 2.) GRI never operated, managed, controlled, or made special use of the property (The sworn affidavits of GRI's President and counsel attest to this, and Plaintiff has offered no evidence to the contrary); 3.) State Aid Grant Lien documents identify Odyssey and the State—not GRI—as entities involved in financing improvements to the facility; and 4.) GRI has never provided chemical dependency services, nor has it ever had contractual relations with Odyssey, the City, or the Center regarding the Subject Premises.

These documents qualify as documentary evidence and are "essentially undeniable" (*Mill Fin.*, 122 AD3d at 103). Cases such as *Branch* and *Jackson* are directly controlling. In *Branch*, the Court of Appeals affirmed dismissal where deed records established that the defendant did not own the premises where plaintiff was injured (*Branch*, 25 NY3d at 1082). Here, as in *Branch*, GRI established through official ACRIS records that it never owned the Subject Premises.

Similarly, in *Jackson*, the Appellate Division, First Department, held that where a defendant had no ownership, operation, or control of the premises, it owed no duty as a matter of law (30 AD3d at 60). Numerous Appellate Division, First Department, decisions reinforce this principle (*see e.g.*, *Kaplan v. New York Mercantile Exch.*, 55 AD3d 406 [1st Dept 2008]; *Lopez v. Allied Amusement Shows, Inc.*, 83 AD3d 519 [1st Dept 2011]). This is precisely such a case.

Contribution and indemnification claims require an underlying duty or nexus between the parties. Where a defendant has no duty to the plaintiff and no involvement with the premises, cross-claims cannot stand (*see Padron v. Granite Broadway Dev. LLC*, 209 AD3d 536 [1st Dept 2022]; *Calle v. 16th Ave. Grocery, Inc.*, 219 AD3d 450 [2d Dept 2023]). Because the documentary evidence establishes that GRI had no involvement whatsoever, the cross-claims fail as a matter of law.

Even if the court were to convert this motion under CPLR § 3211(c), GRI has demonstrated entitlement to judgment as a matter of law with admissible evidence showing absolute non-involvement with the premises; and no party has raised a genuine factual dispute.

GRI has demonstrated, through uncontroverted documentary evidence, that it:

- never owned, operated, controlled, maintained, or made special use of the Subject Premises;
- had no contractual or operational relationship to any entity involved with the facility; and
- owed no duty to Plaintiff as a matter of law.

Accordingly, it is hereby

ORDERED that defendant George Rosenfeld, Inc.'s motion to dismiss is granted in its entirety; and it is further

[* 3]

ORDERED that the complaint is dismissed, with prejudice, as against defendant George Rosenfeld, Inc.; and it is further

ORDERED that all cross-claims against George Rosenfeld, Inc. are dismissed, with prejudice; and it is further

ORDERED that counsel for defendant George Rosenfeld, Inc. is directed to serve a copy of this decision and order on all parties, and shall file the same with the Clerk of the Court with notice of entry; and it is further

ORDERED that upon said service, the Clerk of the Court is directed to enter judgment in favor of defendant George Rosenfeld, Inc., and removing defendant George Rosenfeld, Inc. from the caption of this case; and it is further

ORDERED that the Clerk shall amend the caption accordingly.

This constitutes the decision and order of the court.

| 12/9/2025 | | | | |
|---|---|---|---|---|
| **DATE** | | | **HASA A. KINGO, J.S.C.** | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

160167/2025  ABNEY, LINDA vs. ODYSSEY HOUSE, INC. ET AL
Motion No.  001

Page 4 of 4

4 of 4